# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALCOLM Y. WRIGHT, | ) | CASE NO. 1:10-cv-00011-OWW GSA PC |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | ) ) | WITHIN THIRTY DAYS |
| WARDEN SMITH, et al., | ) ) | (Doc. 1) |
| Defendants. | ) | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

## II. **Plaintiff's Claims**

Plaintiff, an inmate currently in North Carolina state custody at the Central Prison Mental Health Facility in Raleigh, North Carolina, brings this civil rights action against defendant correctional officials employed by the U.S. Bureau of Prisons at the U.S. Penitentiary at Atwater, California. The claims that give rise to this lawsuit occurred while Plaintiff was housed at Atwater.

Plaintiff was housed at Atwater from May 31, 2007, until his transfer to North Carolina custody on April 1, 2008. While housed at Atwater, Plaintiff alleges that defendants deprived him of his civil rights. Plaintiff names as defendants the following individuals: Warden Smith, Associate Warden Bell, Lieutenant Gonzales; Lt. Miller; Lt. Paul; Case Management Coordinator Dreher; Health Services Administrator Mettry.

Plaintiff's complaint consists of 51 pages of narrative, setting forth the following claims: placement in administrative detention; deprivation of religious property; interference with Plaintiff's attempts to see a psychologist; denial of sick call forms by staff; missing personal property; law library access; receipt of personal publications; verbal harassment by staff; denial of recreation privileges; denial of access to medical records; failure to process inmate grievances; failure to provide a religious diet; force feeding Plaintiff. Plaintiff also sets forth detailed allegations regarding Plaintiff's continued attempts at refusing a cellmate while in federal custody.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkeiwicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face." Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Further, Plaintiff is advised that Federal Rule of Civil Procedure 18(a) states: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court must be able to discern a relationship between Plaintiff's claims. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. retaliation by different actors on different dates, under different factual events) do not make claims related for purposes of compliance with Rule 18(a). Here, Plaintiff's claims are unrelated. Plaintiff is advised that if his amended complaint fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

As noted, the court must screen the complaint prior to service upon defendants. 28 U.S.C. § 1915A(b)(1),(2). At the screening stage, the court is only determining whether Plaintiff states a colorable claim for relief. Should Plaintiff state a claim for relief, the court will direct service of process. A schedule for litigation will be set, including the opportunity to engage in discovery. Plaintiff does not need to prove his case at this stage of the litigation. The court is only determining whether Plaintiff states a colorable claim. Legal argument and evidence are not required at this stage of litigation.[1]

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner. Plaintiff is advised that this court has pending before it many prisoner civil rights cases. In the Eastern District of California, the federal judiciary is inundated with prisoner civil rights cases.[2] In the interest of judicial efficiency and in the interest of timely addressing the many constitutional claims before it, the court will therefore direct Plaintiff to file an amended complaint that complies with the following conditions:

1. The amended complaint must be legibly written or typewritten on forms supplied by the court and signed by the plaintiff.

2. The form must be completed in accordance with the instructions provided with the forms.

3. The amended complaint must be a short, simple and concise statement of the claim.

4. Additional pages beyond those allowed in the court's form may not exceed 25 pages without leave of court.

---

[1] While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

[2] The most recent statistics available indicate that 1,322 prisoner civil rights cases were filed in this district in 2009, a 9.7% increase from the previous reporting period. 2009 Annual Report for the U.S. District Court, Eastern District of California.

5. The court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller in size than standard elite type.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not comply with Federal Rules of Civil Procedure 8(a) and 18(a). The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend.
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended

        complaint and any attempt to do so will result in an order striking the amended complaint; and

5. The amended complaint must be legibly written or typewritten on forms supplied by the court and signed by the plaintiff.

6. The form must be completed in accordance with the instructions provided with the forms.

7. The amended complaint must be a short, simple and concise statement of the claim.

8. Additional pages beyond those allowed in the court's form may not exceed 25 pages without leave of court.

9. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 12, 2010**            **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE