# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM Y. WRIGHT, | 1:10-cv-00011-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF FREE COPIES UNDER ONE-TIME EXCEPTION |
| v. | (Doc. 20.) |
| WARDEN SMITH, et al., | ORDER DIRECTING CLERK TO PROCESS PLAINTIFF'S SERVICE DOCUMENTS TO ENABLE SERVICE OF PROCESS BY |
| Defendants. | UNITED STATES MARSHAL |

Plaintiff Malcolm Y. Wright ("Plaintiff") is an inmate currently in North Carolina state custody who is proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This action now proceeds on the First Amended Complaint filed on January 13, 2011. (Doc. 10.)

On December 2, 2011, the Court issued an order finding service of the First Amended Complaint appropriate and forwarding service documents to Plaintiff for completion and return within thirty days. (Doc. 17.) On December 27, 2011, Plaintiff submitted service documents to the Court; however, Plaintiff failed to submit the four copies of the First Amended Complaint required by the Court's order.

On January 5, 2012, the Court issued an order requiring Plaintiff to submit four copies of the First Amended Complaint, to enable service of process by the United States Marshal. (Doc. 19.) On January 17, 2012, Plaintiff filed a motion for clarification, in which he informed the Court that

he is unable to make copies at the prison where he is incarcerated. (Doc. 20.) Plaintiff claimed that he has no access to a law library or legal assistance, and that correctional staff and the North Carolina Prisoner Legal Services refuse to make copies for inmates, even at their own expense. Id.

On January 18, 2012, the Court issued an order in response to Plaintiff's motion for clarification, directing Plaintiff to file a declaration within thirty days, explaining his efforts to obtain copies of the First Amended Complaint and providing documentary evidence that the North Carolina Department of Corrections refuses to provide him with the opportunity to have copies made at his own expense to enable him to litigate this action. (Doc. 21.) On February 23, 2012, Plaintiff filed a declaration in compliance with the Court's order, providing sufficient evidence that he does not have the ability to make copies at the prison where he is incarcerated, even at his own expense. (Doc. 22.)

The Clerk does not ordinarily provide free copies of documents to parties, see 28 U.S.C. § 1914(a), and the fact that the Court has granted leave for Plaintiff to proceed in forma pauperis does not entitle him to free copies of documents from the Court. The Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge. 28 U.S.C. § 2250. In this instance, the Court finds exceptional circumstances because Plaintiff is unable to obtain copies, even at his own expense, to enable service to go forward in his civil rights action. Therefore, the Court shall make a one-time exception for Plaintiff and direct the Clerk to provide him with free copies of the First Amended Complaint for service. The Clerk shall also be directed to process the service documents submitted by Plaintiff on December 27, 2011, to enable service of process by the United States Marshal.

**Plaintiff is advised that this order does not entitle him to additional free copies from the Court, and that he is being provided with free copies only for the purpose of enabling service this one time in this case.**

Therefore, in accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk is DIRECTED to process the service documents submitted by Plaintiff on December 27, 2011, to enable service of process by the United States Marshal, pursuant to the Court's order of December 2, 2011; and

2. The Clerk shall provide four (4) free copies of the First Amended Complaint, filed on January 13, 2011, for this purpose.

IT IS SO ORDERED.

Dated:   **April 18, 2012**                           /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE