1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   MALCOLM YISRAEL WRIGHT,            1:10-cv-00011 GSA (PC)

12          Plaintiff,
                                        ORDER DENYING MOTION FOR
13      vs.                             APPOINTMENT OF COUNSEL

14   SMITH, et al.,

15          Defendants.                 (DOCUMENT #36)

16   _____/

17          On February 14, 2013, plaintiff filed a motion seeking the appointment of counsel.

18   Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

19   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to

20   represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court

21   for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However,

22   in certain exceptional circumstances the court may request the voluntary assistance of counsel

23   pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

24          Without a reasonable method of securing and compensating counsel, the court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

27   of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28

                                        -1-

1  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

2  In the present case, the court does not find the required exceptional circumstances.  At

3  this stage in the proceedings, the court cannot make a determination that plaintiff is likely to

4  succeed on the merits.  While the court found that Plaintiff stated cognizable claims for

5  interference with his mail and violation of his rights to exercise his religion, defendants' motion

6  to dismiss for failure to exhaust administrative remedies is now pending and may dispose of the

7  case.  Moreover, based on the record in this case, the court does not find that plaintiff cannot

8  adequately articulate his claims.  Therefore, plaintiff's motion shall be denied without prejudice

9  to renewal of the motion at a later stage of the proceedings.

10  For the foregoing reasons, plaintiff's motion for the appointment of counsel is

11  HEREBY DENIED, without prejudice.

12  IT IS SO ORDERED.

13  Dated:   February 21, 2013                                /s/ Gary S. Austin
                                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28