UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM YISRAEL WRIGHT,<br><br>            Plaintiff,<br><br>      vs.<br><br>SMITH, et al.,<br><br>            Defendants. | 1:10-cv-00011-AWI-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 39.)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS<br>(Doc. 30.)<br><br>ORDER FOR THIS ACTION TO PROCEED ON (1) PLAINTIFF'S CLAIM FOR DENIAL OF ACCESS TO RELIGIOUS PRAYER ITEMS IN VIOLATION OF THE FREE EXERCISE CLAUSE, AGAINST DEFENDANTS SMITH, GONZALES, AND MILLER; AND (2) PLAINTIFF'S CLAIM FOR INTERFERENCE WITH INCOMING MAIL BEGINNING ON DECEMBER 24, 2007, IN VIOLATION OF THE FIRST AMENDMENT, AGAINST DEFENDANTS SMITH AND GONZALES<br><br>ORDER DISMISSING ALL REMAINING CLAIMS AND DEFENDANTS<br><br>ORDER FOR DEFENDANTS TO FILE ANSWER WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Malcolm Yisrael Wright ("Plaintiff") is an inmate currently in North Carolina state custody at the Central Prison Mental Health Facility in Raleigh, North Carolina. Plaintiff is proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens vs. Six

1

Unknown Agents, 403 U.S. 388 (1971), based on allegations of events occurring at the United States Penitentiary (USP)-Atwater when Plaintiff was incarcerated there. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 18, 2013, findings and recommendations were entered, recommending that Defendants' motion to dismiss, filed on December 11, 2012, be granted in part and denied in part, and that this action proceed on Plaintiff's claim for denial of access to religious prayer items in violation of the Free Exercise Clause against defendants Smith, Gonzales, and Miller; and Plaintiff's claim for interference with incoming mail in violation of the First Amendment against defendants Smith and Gonzales. (Doc. 39.) The parties were granted thirty days in which to file objections to the findings and recommendations. On August 15, 2013, Defendants filed objections to the findings and recommendations. (Doc. 40.) To date, Plaintiff has not filed objections to the findings and recommendations, opposition to Defendants' objections, or otherwise responded to the findings and recommendations.

**II.    DEFENDANTS' OBJECTIONS**

In their objections, Defendants argue that only one of Plaintiff's claims for interference with incoming mail has been exhausted. Defendants assert that it is undisputed that Plaintiff exhausted only one grievance – claim number 486531-F1 – which only put the Bureau of Prisons on notice of a claim for interference with mail while Plaintiff was on a hunger strike starting in January 2008, and that the exhausted grievance did not concern any interference with Plaintiff's mail while he was in administrative segregation until December 2007. Therefore, Defendants argue that Plaintiff's claim for interference with his mail in this lawsuit should be limited to only the time period while he was on the hunger strike.

**Discussion**

The Magistrate Judge recommended that this action proceed on Plaintiff's claims for (1) interference with incoming mail, and (2) denial of access to religious prayer items. Based on Plaintiff's exhausted grievance number 486531-F1, Defendants seek to limit Plaintiff's claim for interference with mail to the time period when Plaintiff was on a hunger strike, beginning in

January 2008.  However, Plaintiff clearly states in grievance number 486531-F1, "All of my personal property was taken from me on December 24, 2007, a week <u>before</u> I went on hunger strike."  (Doc. 30-3 at 13) (emphasis in original).  Plaintiff complains that among other property, his address book and stamps were taken, asserting that he "notified staff at the time that I needed my personal property, [including] my address book and stamps so that I can communicate with family and friends."  <u>Id.</u>  Plaintiff complains that "my right to send and receive mail has been and is being violated by withholding my address book and stamps, and not allowing me to purchase stamps."  <u>Id.</u>  Based on these excerpts from Plaintiff's grievance, the court cannot find that Plaintiff's interference-with-mail claim should be limited to the time period when he was on hunger strike.  However, good cause exists to limit the claim to the time period beginning on December 24, 2007.

## III.   CONCLUSION

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, including Defendants' objections, the Court adopts the findings and recommendations as follows.

Based on the foregoing, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on July 18, 2013, are ADOPTED as follows;
2. Defendants' motion to dismiss, filed on December 11, 2012, is GRANTED IN PART and DENIED IN PART;
3. Defendants' motion to dismiss for failure to exhaust remedies is GRANTED as to Plaintiff's claims for denial of religious meals, denial of access to a rabbi, lack of Jewish materials in the chapel, and interference with mail before December 24, 2007; and DENIED as to Plaintiff's claims for (1) denial of access to religious prayer items, and (2) interference with incoming mail beginning on December 24, 2007;

4. This action now proceeds on the First Amended Complaint with (1) Plaintiff's claim for denial of access to religious prayer items in violation of the Free Exercise Clause, against defendants Smith, Gonzales, and Miller; and (2) Plaintiff's claim for interference with incoming mail beginning on December 24, 2007, in violation of the First Amendment, against defendants Smith and Gonzales;

5. All remaining claims and defendants are dismissed from this action;

6. Plaintiff's claims for denial of religious meals, denial of access to a rabbi, lack of Jewish materials in the chapel, and interference with incoming mail before December 24, 2007 are DISMISSED from this action based on Plaintiff's failure to exhaust administrative remedies; and

7. Within thirty days from the date of service of this order, Defendants shall file an Answer to the complaint.

IT IS SO ORDERED.

Dated:   September 25, 2013                         _____
                                                    SENIOR DISTRICT JUDGE