UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM YISRAEL WRIGHT,<br><br>        Plaintiff,<br><br>   v.<br><br>MR. SMITH, et al.,<br><br>        Defendants. | 1:10-cv-00011-AWI-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(Document# 47)<br><br>ORDER DENYING MOTION TO POSTPONE DEPOSITION AND EXTEND THE DISCOVERY DEADLINE AS MOOT<br>(Document# 48) |

## I.  BACKGROUND

Malcolm Yisrael Wright ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on January 4, 2010.  (Doc. 1.)  This case now proceeds on the First Amended Complaint filed on January 13, 2011, against defendants Smith, Gonzales, and Miller for denial of access to prayer items in violation of the Free Exercise clause of the First Amendment, and against defendants Smith and Gonzales for interference with Plaintiff's incoming mail beginning on December 24, 2007, in violation of the First Amendment. (Doc. 10.)[1]

---

[1] On November 30, 2011, Plaintiff notified the court that he is willing to proceed only on the claims in the First Amended Complaint found cognizable by the court, against defendants Smith, Gonzales, and Miller for violation of Plaintiff's rights under the Free Exercise clause, and against defendants Smith and Gonzales for interference with Plaintiff's incoming mail.  (Doc. 16.)  On September 25, 2013, the court issued an order granting in part Defendants' motion to dismiss for failure to exhaust administrative remedies, and dismissed all defendants and claims from this action except the claims against defendants Smith, Gonzales, and Miller for denial of access to prayer items in violation of the Free Exercise clause of the First Amendment, and against defendants Smith and Gonzales for interference with Plaintiff's incoming mail beginning on December 24, 2007.  (Doc. 41.)

On November 13, 2013, the court issued a Discovery/Scheduling Order which established pretrial deadlines in this action, including a deadline of July 13, 2014 for completion of discovery, and a deadline of September 22, 2014 for filing of pretrial dispositive motions. (Doc. 46.)

On June 9, 2014, Plaintiff filed a motion seeking the appointment of counsel, (Doc. 47), and a motion to extend the discovery deadline and postpone Plaintiff's deposition until after the court has ruled on the motion for appointment of counsel, (Doc. 48).

## II.     MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff argues that he is not knowledgeable of the law, is unable to afford counsel and has made efforts to obtain assistance, and his imprisonment will greatly limit his ability to litigate.  Plaintiff also argues that he suffers from depression, panic attacks, and inability to concentrate, has no access to a law library or the assistance of other inmates, and only completed his education through the ninth grade.  These conditions, while challenging, do not make Plaintiff's case exceptional.  This court is faced with similar cases daily.  While the court has found that Plaintiff states cognizable claims in the First Amended Complaint, this finding is not a determination that Plaintiff is likely to succeed on the merits and at this juncture, hence the court cannot find that Plaintiff is likely to succeed on the merits.  Plaintiff's claims for denial of

access to religious items and interference with incoming mail do not appear complex, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.  Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

### III. MOTION TO POSTPONE DEPOSITION AND EXTEND DISCOVERY DEADLINE

Plaintiff requests a court order postponing the taking of his deposition, and extending the discovery deadline, until after the court has ruled on the Plaintiff's motion for appointment of counsel.  Because the court shall deny the motion for appointment of counsel in this order, Plaintiff's motion to postpone his deposition and extend the discovery deadline is moot and shall be denied as such.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed on June 9, 2014, is DENIED, without prejudice; and

2. Plaintiff's motion to postpone his deposition and extend the discovery deadline, filed on June 9, 2014, is DENIED as moot.

IT IS SO ORDERED.

Dated: **June 10, 2014**                **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE