1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MALCOLM YISRAEL WRIGHT,              1:10-cv-00011-AWI-GSA-PC

12              Plaintiff,                ORDER GRANTING DEFENDANTS'
                                          REQUEST TO EXTEND DISCOVERY
13        vs.                             DEADLINE FOR LIMITED PURPOSE
                                          DISCUSSED BY THIS ORDER
14   SMITH, et al.,                       (Doc. 54.)

15              Defendants.               **New Discovery Deadline:  09/08/2014**

16

17        Malcolm Yisrael Wright ("Plaintiff") is an inmate proceeding pro se and in forma

18   pauperis with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388

19   (1971).  Plaintiff filed the Complaint commencing this action on January 4, 2010.  (Doc. 1.)

20   This case now proceeds with the First Amended Complaint, filed by Plaintiff on January 13,

21   2011, against defendants Warden Smith and Lieutenant ("Lt.") Gonzales for interference with

22   Plaintiff's incoming mail, in violation of the First Amendment; and against Warden Smith, Lt.

23   Gonzales, and Lt. Miller for violation of his First Amendment rights to exercise his religion.[1]

24   (Doc. 10.)

25   _____

26       [1] On September 25, 2013, the court dismissed all defendants and claims from this action except the
     claims against defendants Smith, Gonzales, and Miller for denial of access to prayer items in violation of the Free
27   Exercise clause of the First Amendment, and against defendants Smith and Gonzales for interference with
     Plaintiff's incoming mail beginning on December 24, 2007.  (Doc. 41.)
28

1

1    On November 13, 2013, the Court issued a Scheduling Order establishing pretrial

2  deadlines, including a deadline of July 13, 2014 for the parties to complete discovery.  (Doc.

3  46.)  This case is presently in the discovery phase.

4    On June 26, 2014, Defendants filed an ex-parte request to extend the discovery deadline

5  for the limited purpose of taking Plaintiff's deposition.  (Doc. 54.)

6  **II.    MOTION TO MODIFY SCHEDULING ORDER**

7    Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P.

8  16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations,

9  Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the

10  modification of a scheduling order must generally show that even with the exercise of due

11  diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the

12  prejudice to the party opposing the modification.  Id.  If the party seeking to amend the

13  scheduling order fails to show due diligence the inquiry should end and the court should not

14  grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087

15  (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by

16  demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

17    Defendants request an extension of the discovery deadline for the purpose of setting

18  Plaintiff's deposition, if necessary, "for a date after the ruling on the pending motion for

19  summary judgment, and no later than September 8, 2014."  (Doc. 54 at 3:6-7.)  Defendants

20  explain that if the motion for summary judgment is successful, they will not need to depose

21  Plaintiff, and the time and resources to conduct a deposition will not need to be expended.[2]

22    The Court finds that Defendants have shown due diligence in filing their motion for

23  summary judgment early in the discovery phase of this action, and in anticipating that the

24  discovery deadline will expire before the motion for summary judgment is resolved, making it

25

26    [2] Counsel for Defendants ("Counsel") declares that Plaintiff's deposition was properly noticed for July 9,
2014, at his current place of incarceration, a facility in North Carolina. (Decl. of Alyson Berg, Doc. 54-1 ¶2, Exh.
27  A.)  Counsel anticipated a telephonic deposition.  (Id. ¶3.)  On June 25, 2014, Counsel was notified that a
telephonic deposition will not be not available at the facility in North Carolina.   (Id.)   As a result, Counsel
28  anticipates the need to travel to North Carolina to conduct the deposition in person.

impossible for them to know before the expiration of discovery whether it will be necessary to take Plaintiff's deposition.   Therefore, the court finds good cause to extend the discovery deadline for the limited purpose of Defendants taking Plaintiff's deposition.   However, the court shall not assure by this order that Defendants' motion for summary judgment filed on June 10, 2014 shall be ruled upon before September 8, 2014.   Should Defendants require further modification to the Scheduling Order, they should file a motion before the expiration of the deadline at issue.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendants' motion to modify the court's Scheduling Order is GRANTED;

2.    The deadline for the completion of discovery is extended from July 13, 2014 to **September 8, 2014**, for the limited purpose of Defendants taking Plaintiff's deposition, if necessary;

3.    Plaintiff's deposition, if any, shall be scheduled for a date not later than September 8, 2014;

4.    All other provisions of the Court's November 13, 2013 Scheduling Order remain the same; and

5.    The court does not assure by this order that Defendants' motion for summary judgment filed on June 10, 2014 shall be ruled upon before September 8, 2014.

IT IS SO ORDERED.

Dated:    **June 30, 2014**                              **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE