# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MALCOLM YISRAEL WRIGHT,

       Plaintiff,

   vs.

SMITH, et al.,

       Defendants.

1:10-cv-00011-AWI-GSA-PC

ORDER ADDESSING PLAINTIFF'S
REQUEST FOR CLARIFICATION AND
ASSISTANCE
(Doc. 56.)

    Malcolm Yisrael Wright ("Plaintiff") is an inmate proceeding pro se and in forma pauperis with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on January 4, 2010.  (Doc. 1.) This case now proceeds with the First Amended Complaint, filed by Plaintiff on January 13, 2011, against defendants Warden Smith and Lieutenant ("Lt.") Gonzales for interference with Plaintiff's incoming mail, in violation of the First Amendment; and against Warden Smith, Lt.

1

Gonzales, and Lt. Miller for violation of his First Amendment rights to exercise his religion.[1] (Doc. 10.)  This case is presently in the discovery phase.

On June 30, 2014, Plaintiff filed a request for clarification, instruction, and assistance from the court.  (Doc. 56.)  Plaintiff asserts that during the past six months he has attempted to obtain information about conducting discovery, without success, and has no idea how to conduct discovery.  Plaintiff requests assistance from the court.  Plaintiff also inquires whether an attorney appointed to represent him at trial would be able to conduct discovery even if the discovery deadline had expired.

Plaintiff is directed to the Discovery/Scheduling Order issued by the court in this action on November 13, 2013, for information about discovery procedures and applicable court rules. (Doc. 46.)  Copies of this court's Local Rules and the Federal Rules of Civil Procedure should be available to Plaintiff in the prison law library.

Pursuant to the Discovery/Scheduling Order, the deadline for the parties to conduct discovery, including the filing of motions to compel, expires on July 13, 2014.[2]  (Doc. 46.) Plaintiff is advised that if he requires an extension of the discovery deadline, he should file a motion before the deadline expires.[3]

///

---

[1]  On September 25, 2013, the court dismissed all defendants and claims from this action except the claims against defendants Smith, Gonzales, and Miller for denial of access to prayer items in violation of the Free Exercise clause of the First Amendment, and against defendants Smith and Gonzales for interference with Plaintiff's incoming mail beginning on December 24, 2007.  (Doc. 41.)

[2]  On June 30, 2014, the court extended the discovery deadline from July 13, 2014 to September 8, 2014, for the limited purpose of Defendants taking Plaintiff's deposition.  (Doc. 55.)  However, for all other discovery, the deadline remains at July 13, 2014.

[3]  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

Plaintiff's inquiry about whether an appointed attorney could conduct discovery after the discovery deadline cannot be answered without undue speculation.   Requiring district courts to advise a pro se litigant in such a manner would undermine the judges' role as impartial decisionmakers.  See McKaskle v. Wiggins, 465 U.S. 168, 183-184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (a defendant does not have a constitutional right to receive personal instruction from the judge on courtroom procedure, and "the Constitution [does not] require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course").

This order resolves Plaintiff's motion for clarification filed on June 30, 2014.

IT IS SO ORDERED.

Dated:   **July 3, 2014**                      **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3