UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM YISRAEL WRIGHT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SMITH, et al.,<br><br>　　　　Defendants. | 1:10-cv-00011-AWI-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO MODIFY SCHEDULING ORDER FOR LIMITED PURPOSE, TO CONTINUE DEPOSITION DATE OF PLAINTIFF<br>(Doc. 60.)<br><br>New discovery deadline:  <u>January 16, 2015</u> |

　　　　Malcolm Yisrael Wright ("Plaintiff") is an inmate proceeding pro se and in forma pauperis with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on January 4, 2010.  (Doc. 1.) This case now proceeds with the First Amended Complaint, filed by Plaintiff on January 13, 2011, against defendants Warden Smith and Lieutenant ("Lt.") Gonzales for interference with Plaintiff's incoming mail, in violation of the First Amendment; and against Warden Smith, Lt.

Gonzales, and Lt. Miller for violation of his First Amendment rights to exercise his religion.[1] (Doc. 10.)

On November 13, 2013, the Court issued a Scheduling Order establishing pretrial deadlines, including deadlines of July 13, 2014 for the parties to complete discovery, and September 22, 2014 for the filing of pretrial dispositive motions. (Doc. 46.) On June 10, 2014, Defendants filed a motion for summary judgment, which is pending before the court. (Doc. 50.) On June 30, 2014, the court granted Defendants' request to extend the discovery deadline until September 8, 2014, for the limited purpose of taking Plaintiff's deposition. (Doc. 55.)

On August 8, 2014, Defendants filed an ex-parte request to modify the scheduling order to extend the discovery deadline again, for the limited purpose of taking Plaintiff's deposition. (Doc. 60.)

## II.   MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendants request another extension of the discovery deadline for the purpose of setting Plaintiff's deposition, if necessary, for a date after the ruling on the pending motion for

---

[1] On September 25, 2013, the court dismissed all defendants and claims from this action except the claims against defendants Smith, Gonzales, and Miller for denial of access to prayer items in violation of the Free Exercise clause of the First Amendment, and against defendants Smith and Gonzales for interference with Plaintiff's incoming mail beginning on December 24, 2007. (Doc. 41.)

summary judgment. Defendants explain that if the motion for summary judgment is successful, they will not need to depose Plaintiff, and the time and resources to conduct a deposition will not need to be expended.[2]

The Court finds that Defendants have shown due diligence in filing their motion for summary judgment early in the discovery phase of this action, and in anticipating that the discovery deadline will expire before the motion for summary judgment is resolved, making it impossible for them to know before the expiration of discovery whether it will be necessary to take Plaintiff's deposition. Therefore, the court finds good cause to extend the discovery deadline until January 16, 2015 for the limited purpose of Defendants taking Plaintiff's deposition. However, the court shall not assure by this order that Defendants' motion for summary judgment filed on June 10, 2014 shall be ruled upon before January 16, 2015. Should Defendants require further modification to the Scheduling Order, they should file a motion before the expiration of the deadline at issue.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the court's Scheduling Order is GRANTED;
2. The deadline for the completion of discovery is extended from September 8, 2014 to **January 16, 2015**, for the limited purpose of Defendants taking Plaintiff's deposition, if necessary;
3. Plaintiff's deposition, if any, shall be scheduled for a date not later than January 16, 2015;
4. All other provisions of the Court's November 13, 2013 Scheduling Order remain the same; and

---

[2] Counsel for Defendants ("Counsel") declares that Plaintiff's deposition was properly noticed for July 9, 2014, at his current place of incarceration, a facility in North Carolina. (Decl. of Alyson Berg, Doc. 604-1 ¶2, Exh. A.) Counsel anticipated a telephonic deposition. (Id. ¶3.) On June 25, 2014, Counsel was notified that a telephonic deposition will not be not available at the facility in North Carolina. (Id.) As a result, Counsel anticipates the need to travel to North Carolina to conduct the deposition in person.

5.      The court does not assure by this order that Defendants' motion for summary judgment filed on June 10, 2014 shall be ruled upon before January 16, 2015.

IT IS SO ORDERED.

Dated:   **August 11, 2014**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE