# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM YISRAEL WRIGHT,<br><br>         Plaintiff,<br><br>    vs.<br><br>SMITH, et al.,<br><br>         Defendants. | 1:10-cv-00011-AWI-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO MODIFY SCHEDULING ORDER<br>(Doc. 62.)<br><br>New dispositive motions deadline:<br>         <u>March 2, 2015</u> |

   Malcolm Yisrael Wright ("Plaintiff") is an inmate proceeding pro se and in forma pauperis with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on January 4, 2010.  (Doc. 1.)  This case now proceeds with the First Amended Complaint, filed by Plaintiff on January 13, 2011, against defendants Warden Smith and Lieutenant ("Lt.") Gonzales for interference with Plaintiff's incoming mail, in violation of the First Amendment; and against Warden Smith, Lt. Gonzales, and Lt. Miller for violation of his First Amendment rights to exercise his religion.[1]  (Doc. 10.)

---

[1] On September 25, 2013, the court dismissed all defendants and claims from this action except the claims against defendants Smith, Gonzales, and Miller for denial of access to prayer items in violation of the Free Exercise clause of the First Amendment, and against defendants Smith and Gonzales for interference with Plaintiff's incoming mail beginning on December 24, 2007.  (Doc. 41.)

1

On November 13, 2013, the Court issued a Scheduling Order establishing pretrial deadlines for the parties to this action, including deadlines of July 13, 2014 to complete discovery, and September 22, 2014 to file pretrial dispositive motions.  (Doc. 46.)  On August 11, 2014, in response to Defendants' request, the discovery deadline was extended to January 16, 2015, for limited purpose.  (Doc. 61.)

On September 3, 2014, Defendants filed a motion to modify the Scheduling Order to extend the deadline for filing pretrial dispositive motions until March 2, 2015.  (Doc. 62.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

Defendants request an extension of the deadline for filing dispositive motions, in light of the fact that Defendants' potentially dispositive motion for summary judgment of June 10, 2014 is pending, and the current dispositive motions deadline is fast approaching.  Defendants seek to extend the deadline to allow for a ruling on the pending motion, which may dispose of the case, before the time expires to file a second dispositive motion, if needed.  Defendants argue that an extension of the deadline will save the parties time and resources if the current motion is granted, as well as avoiding the inefficient use of the court's time to have two potentially dispositive motions on file at the same time.  Defendants argue that they acted diligently in filing the pending motion raising the statute of limitations defense, and in promptly seeking to modify the Scheduling Order.  Defendants also argue that no prejudice will

be caused from the extension, because all discovery for another dispositive motion is completed (other than Plaintiff's deposition, if necessary, by January 16, 2015), and no trial date has been set in this action.

The Court finds that Defendants have shown due diligence in filing their motion for summary judgment early in the discovery phase of this action, and in anticipating that the dispositive motions deadline may expire before the motion for summary judgment is resolved, which would make it impossible for them to know before the expiration of the deadline whether it will be necessary to file another dispositive motion. Therefore, the court finds good cause to extend the deadline for all parties to file pretrial dispositive motions until March 2, 2015. However, the court does not assure by this order that Defendants' motion for summary judgment filed on June 10, 2014 shall be ruled upon before March 2, 2015. Should Defendants require further modification to the Scheduling Order, they should file a motion before the expiration of the deadline at issue.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the court's Scheduling Order, filed on September 3, 2014, is GRANTED;
2. The deadline for all of the parties to this action to file pretrial dispositive motions is extended from September 22, 2014 to **March 2, 2015**; and
3. The court does not assure by this order that Defendants' motion for summary judgment filed on June 10, 2014 shall be ruled upon before March 2, 2015.

IT IS SO ORDERED.

Dated:   **September 4, 2014**               /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE