UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM Y. WRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN SMITH, et al.,<br><br>Defendants | Case No. 1:10 cv 00011 AWI GSA PC<br><br>FINDINGS AND RECOMMENDATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF NO. 50)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is an inmate currently in North Carolina state custody at the Pamlico Correctional Institution in Bayboro, North Carolina.  Plaintiff is proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1917), based on allegations of events occurring at the United States Penitentiary Atwater while Plaintiff was incarcerated there.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Pending before the Court is Defendants' motion for summary judgment.  Plaintiff has opposed the motion.[1]

///

///

---

[1] Defendants' motion for summary judgment was filed on June 10, 2014.  On April 19, 2012, the Court served Plaintiff with the summary judgment notice required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988)(ECF No. 24.)  Defendants also served Plaintiff with the notice along with their motion for summary judgment.

1

## I. Procedural History

This action proceeds on the January 13, 2011, First Amended Complaint. On October 24, 2011, the Court issued a screening order finding that the First Amended Complaint stated cognizable claims only against Defendants Warden Smith and Lt. Gonzalez for interference with Plaintiff's incoming mail and against Warden Smith, Lt. Gonzales and Lt. Miller for violation of Plaintiff's First Amendment right to freely exercise his religious beliefs. On November 30, 2011, Plaintiff notified the Court of his willingness to proceed only on the claims found cognizable by the Court in the screening order.

## II. Allegations

Plaintiff alleges that he arrived at USP Atwater on May 31, 2007, after having been assaulted by inmates while housed at two other prison facilities, and was placed in protective custody in Administrative Segregation (AdSeg). Thereafter, Plaintiff was not allowed adequate access to his personal property, legal property or religious items. Plaintiff alleges that he was harassed by prison staff members and threatened by other inmates; that Defendants interfered with Plaintiff's incoming and outgoing mail; that Plaintiff was not allowed adequate access to medical care, the law library, or outdoor exercise; and finally, that he was not consistently provided his approved religious diet. These deprivations were ordered by Warden Smith, Lt. Gonzales and Lt. Miller.

## III. Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denial of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under governing law, Anderson, 477 U.S. at 248; Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Matsushita, 475 U.S. at 588; County of Tuolumne v. Sonora Community Hosp., 263 F.3d 1148, 1154 (9th Cir. 2001).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's notes on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference

3

may be drawn.  Richards v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985)(aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts.  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is not 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

### A. Statute of Limitations

Defendants argue that this action is time-barred and that judgment should be entered for Defendants because of Plaintiff's failure to file his lawsuit within the two year statute of limitations.   Defendants' Statement of Undisputed Fact No. 2 establishes that on or before June 18, 2007, Plaintiff knew that his religious property was being withheld "on Warden's orders."  (First Amended Complaint at ¶ 15.)   Defendants' Statement of Undisputed Fact No. 3 establishes that on February 18, 2008, Plaintiff started the administrative remedy process regarding the alleged withholding of his religious property.  (Exhibit 3 to Declaration of Shelly Shandor).  Defendants' Statement of Undisputed  Fact No. 7 establishes that Plaintiff alleged that his mail was withheld no earlier than June 18, 2007, when he first complained that he was not receiving his mail.  (First Amended Complaint at ¶ 11.)  Defendants' Statement of Undisputed Fact No. 8 establishes that Plaintiff submitted an administrative claim regarding his mail being withheld on February 18, 2008.  (Exhibit 3 to Declaration of Shelly Shandor).

Defendants correctly argue that although federal law determines when a Bivens claim accrues, the law of the forum state determines the statute of limitations.  Pesnell v. Arsenault, 490 F.3d 1158, 1163-64 (9th Cir. 2007).  In California, the statute of limitations for personal injury claims is two years.  Cal. Code Civ. Pro. §335.1.  Defendants argue that the undisputed facts are that Plaintiff knew of his injury regarding his religious no later than June 18, 2007.  Regarding Plaintiff's mail, Plaintiff alleges that his mail was withheld the entire time he was at USP Atwater, and Plaintiff expressly complained to staff on June 18, 2007 that his incoming mail was being withheld.   This action was filed on January 4, 2010, well over 24 months after

4

his claims accrued.  However, pursuant to California Code of Civil Procedure § 352.1, the applicable statute of limitations is tolled "for a maximum of two years" during a prisoner's incarceration.  Plaintiff therefore had four years from when his claims accrued in which to file his action.  If Plaintiff's claims accrued on June 18, 2007, his statute of limitations would have run on June 18, 2011.  The complaint filed on January 4, 2010, is therefore within the statute of limitations and is not time-barred.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(1)(B).  Within thirty days after being served with these findings and recommendations, the parties may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, F.3d __, 11-17911, 2104 WL 6435497, at*3 (9th Cir. Nov. 18, 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 16, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE