UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM YISRAEL WRIGHT, | 1:10-cv-00011-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS'<br>REQUEST TO MODIFY SCHEDULING<br>ORDER TO CONTINUE DISPOSITIVE |
| vs. | MOTIONS DEADLINE AND CONTINUE<br>DEPOSITION DATE OF PLAINTIFF |
| SMITH, et al., | (Doc. 68.) |
| Defendants. | |
| | New deadline for Plaintiff's deposition:<br>September 30, 2015 |
| | New deadline for filing dispositive motions:<br>November 30, 2015 |

I.      **BACKGROUND**

Malcolm Yisrael Wright ("Plaintiff") is an inmate proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on January 4, 2010.  (Doc. 1.) This case now proceeds with the First Amended Complaint, filed by Plaintiff on January 13, 2011, against defendants Warden Smith and Lieutenant ("Lt.") Gonzales for interference with Plaintiff's incoming mail, in violation of the First Amendment; and against Warden Smith, Lt.

1

Gonzales, and Lt. Miller for violation of his First Amendment rights to exercise his religion.[1] (Doc. 10.)

On November 13, 2013, the Court issued a Scheduling Order establishing pretrial deadlines, including deadlines of July 13, 2014 for the parties to complete discovery, and September 22, 2014 for the filing of pretrial dispositive motions. (Doc. 46.) In response to Defendants' requests, the discovery deadline was extended to May 23, 2015, for the limited purpose of taking Plaintiff's deposition, and the dispositive motions deadline was extended to July 27, 2015. (Docs. 61, 63, 66.)

On March 5, 2015, Defendants filed an ex-parte request to modify the scheduling order to extend the deadlines for taking Plaintiff's deposition and for filing dispositive motions. (Doc. 68.)

## II.   MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendants request an extension of the deadline for filing pretrial dispositive motions, in light of the fact that Defendants' potentially dispositive motion for summary judgment of

---

[1] On September 25, 2013, the court dismissed all defendants and claims from this action except the claims against defendants Smith, Gonzales, and Miller for denial of access to prayer items in violation of the Free Exercise clause of the First Amendment, and against defendants Smith and Gonzales for interference with Plaintiff's incoming mail beginning on December 24, 2007. (Doc. 41.)

June 10, 2014 is pending, and if the court's ruling on the pending motion does not dispose of the case, they may need to file a second dispositive motion. Defendants assert that apart from the pending motion based on a statute of limitations defense, they also have a viable defense that no reasonable juror could find that Plaintiff's First Amendment rights were violated while he was imprisoned at the United States Penitentiary-Atwater. Defendants argue that an extension of the deadline will save the parties time and resources if the current motion is granted, as well as avoiding the inefficient use of the court's time to have two potentially dispositive motions on file at the same time. Defendants argue that they acted diligently in filing the pending motion raising the statute of limitations defense, and in promptly seeking to modify the Scheduling Order.

Defendants also request an extension of the discovery deadline for the purpose of setting Plaintiff's deposition, if necessary, for a date after the ruling on the pending motion for summary judgment. Defendants explain that if their pending motion for summary judgment is successful, they will not need to depose Plaintiff, and the time to conduct a deposition will not need to be expended. Defendants also explain that if the current deadlines are not modified, they will need to begin the process of coordinating the deposition with the North Carolina State Penitentiary personnel to allow for sufficient coordination of schedules for the deposition to occur before May 23, 2015. Defendants also argue that no prejudice will be caused by the extension, because all other discovery is closed, and in fact will save resources for Defendants and the North Carolina penal system in scheduling the deposition.

The Court finds that Defendants have shown due diligence in filing their motion for summary judgment early in the discovery phase of this action, and in recognizing that time and resources will be conserved if the deadlines are extended. Therefore, the court finds good cause to extend the deadline for filing pretrial dispositive motions to **November 30, 2015**, and the discovery deadline to **September 30, 2015**, for the limited purpose of Defendants taking Plaintiff's deposition. However, the court does not assure by this order that Defendants' motion for summary judgment filed on June 10, 2014 shall be ruled upon before September 30, 2015.

///

Should Defendants require further modification to the Scheduling Order, they should file a motion before the expiration of the deadline at issue.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendants' motion to modify the court's Scheduling Order is GRANTED;

2.    The deadline for the completion of discovery is extended from May 23, 2015 to **September 30, 2015**, for the limited purpose of Defendants taking Plaintiff's deposition, if necessary;

3.    Plaintiff's deposition, if any, shall be scheduled for a date not later than September 30, 2015;

4.    The deadline for the filing of pretrial dispositive motions is extended from July 27, 2015 to **November 30, 2015**;

5.    All other provisions of the Court's November 13, 2013 Scheduling Order remain the same; and

6.    The court does not assure by this order that Defendants' motion for summary judgment filed on June 10, 2014 shall be ruled upon before September 30, 2015.

IT IS SO ORDERED.

Dated:   **March 19, 2015**                          **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE